O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA R. SCHUSSE HENRY,<br><br>                    Plaintiff,<br><br>                v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Respondent. | Case No. CV 15-3064-KES<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff Lisa Renee Schusse Henry ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying her application for Disability Insurance Benefits ("DIB") and Social Security Supplemental Security Income ("SSI").

Because the ALJ erred in failing to incorporate into Plaintiff's residual functional capacity ("RFC") limitations consistent with the ALJ's express finding that Plaintiff has "moderate" limitations in the area of concentration, persistence and pace, the Commissioner's decision is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

/ / /

# I.

## BACKGROUND

On February 8, 2012, Plaintiff filed applications for DIB and SSI, alleging disability beginning January 19, 2001. Administrative Record ("AR") 314-315, 318-323. On April 17, 2014 and September 18, 2014, the ALJ conducted a hearing and a supplemental hearing, at which Plaintiff, who was represented by an attorney, appeared and testified. AR 38, 103.

On October 31, 2014, the ALJ issued a written decision denying Plaintiff's request for benefits. AR 11-37. The ALJ found that Plaintiff had the severe impairments of degenerative disc disease, adhesive capsulitis/left shoulder, depressive disorder and anxiety disorder. AR 18. Notwithstanding these physical impairments, the ALJ concluded that Plaintiff had the RFC to perform light work with certain exertional and non-exertional limitations. AR 21. Based on the RFC and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could still perform the jobs of garment sorter, laundry worker or hand packer. AR 30. The ALJ therefore found Plaintiff not disabled. AR 30.

# II.

## ISSUES PRESENTED

The parties dispute whether the ALJ erred in:

(1) assessing the medical opinions of doctors Goalwin, Tuller, Musher and Hirsh;

(2) formulating Plaintiff's RFC (i.e., not adequately accounting for Plaintiff's moderate limitation in the area of concentration, persistence and pace); and

(3) evaluating Plaintiff's credibility. See Dkt. 24, Joint Stipulation ("JS") at 5.

/ / /

### III.

### DISCUSSION

**A.    The ALJ Erred by Failing to Incorporate into Plaintiff's RFC Limitations that Adequately Reflect Plaintiff's Moderate Impairment in Concentration, Persistence and Pace.**

**1.    Relevant Background.**

The ALJ evaluated the medical evidence at step two of the sequential evaluation process and found that Plaintiff has "moderate difficulties" with regard to concentration, pace, and persistence.  AR 19.

In formulating the RFC, the ALJ attempted to account for Plaintiff's functional limitations caused by her mental impairments by including the following limitations:  "a limitation to understanding, remembering and carrying out simple tasks as opposed to complex or detailed tasks, should be in a setting that involves no more than occasional public contact, and the work should be low stress, meaning only occasionally involving decision-making and only occasionally involving changes in the work setting."  AR 21.

When the ALJ asked the VE for testimony, the ALJ formulated his hypothetical question with the following limitations:  "from a mental standpoint, the individual would have a limitation to remembering and carrying out … and understanding simple tasks as opposed to complex or detailed tasks.  And it should be in a setting that involves no more than occasional public contact.  The work should be low stress and by that I'll define as only occasionally involving decision making and only occasionally involving changes in the work setting."  AR 157.

**2.    Applicable Law.**

In the RFC and hypothetical, the ALJ must include all of a claimant's restrictions.  20 C.F.R. §§ 404.1545, 416.945.  When the medical evidence establishes and the ALJ accepts that the claimant has moderate limitation in

maintaining concentration, persistence, and pace, that limitation must be reflected in the Plaintiff's RFC and in the hypothetical presented to the vocational expert.  Merely limiting the claimant's potential work to "simple, repetitive work" without including other limitations relevant to concentration, persistence, or pace is error.  <u>Brink v. Comm'r Soc. Sec. Admin.</u>, 343 F. App'x 211, 212 (9th Cir. 2009) ("The Commissioner's contention that the phrase 'simple, repetitive work' encompasses difficulties with concentration, persistence, or pace is not persuasive.  Indeed, repetitive, assembly-line work … might well require extensive focus or speed."); <u>see also</u> <u>Lubin v. Comm'r of Soc. Sec. Admin.</u>, 507 F. App'x 709, 712 (9th Cir. 2013) ("Although the ALJ found that [the claimant] suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the residual functional capacity determination or in the hypothetical question to the vocational expert.").[1]

Although <u>Brink</u> and <u>Lubin</u> are unpublished decisions by the Ninth Circuit, and therefore do not establish precedent, they are indicative of how the court would rule in a published opinion.

In <u>Lee v. Colvin</u>, 80 F. Supp. 3d 1137, 1151 (D. Or. 2014), the district court followed <u>Brink</u> and <u>Lubin</u> to conclude that because the ALJ accepted

---

[1] <u>Lubin</u>, like the instant case, is distinguishable from <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1173 (9th Cir. 2008).  In <u>Stubbs-Danielson</u>, the ALJ never made a finding that that the claimant was subject to any specific restrictions based on difficulty with concentration, persistence, or pace.  Rather, a physician identified claimant as having "slow pace in thought and action," but found she was still able to "follow three-step instructions."  <u>Id.</u> at 1171.  The ALJ "translated" the physician's conclusions regarding pace and mental limitations into a restriction to "simple tasks," and the Ninth Circuit found that the ALJ's assessment of the claimant's concentration, persistence, or pace adequately incorporated the claimant's restrictions.  <u>Id.</u> at 1174.

4

that claimant had moderate restrictions as to concentration, persistence, she erred in failing "to address these specific restrictions in claimant's RFC and in her hypothetical questions" to the VE.  Id. at 1150.  Specifically, the ALJ's hypothetical questions only inquired about jobs for someone who can "understand, remember, and carry out only simple instructions that can be learned by demonstration" with "little variance in assigned tasks from day to day."  Id. at 1151.  The district court determined that this hypothetical "did not address limitations regarding persistence or pace," because "the jobs identified by [the VE] (auto detailer, scrap metal sorter, and agricultural produce packer) may still require 'extensive focus or speed,' similar to the repetitive, assembly-line work described in Brink."  Id.

Numerous unpublished district court opinions have also followed Brink and Lubin to find error when the ALJ accepts a claimant's moderate limitation in maintaining concentration, persistence, or pace, but attempts to account for this in the RFC only by limiting the claimant to simple, repetitive work.  See, e.g., Sanchez v. Colvin, 2016 U.S. Dist. LEXIS 58817 at *12-13 (C.D. Cal. May 3, 2016); Willard v. Colvin, 2016 U.S. Dist. LEXIS 6670 at *9 (C.D. Cal. Jan. 20, 2016); Woodward v. Colvin, 2015 U.S. Dist. LEXIS 163171 at * 24-26 (C.D. Cal. Dec. 4, 2015) ("mild to moderate difficulty in maintaining concentration, persistence, or pace" was not adequately accounted for by limitation to "simple and repetitive unskilled work");  Bentancourt v. Astrue, 2010 U.S. Dist. LEXIS 125435 at *9-10 (C.D. Cal. Nov. 27, 2010).

### 3.   Analysis.

Here, the ALJ included three restrictions arising out of Plaintiff's mental impairments in the RFC:  (1) "understanding, remembering and carrying out simple tasks as opposed to complex or detailed tasks," (2) "a setting that involves no more than occasional public contact," and (3) "low stress, meaning only occasionally involving decision-making and only occasionally involving

5

changes in the work setting."

Restriction (1) is a limitation to "simple" tasks akin to the limitation found insufficient in Brink.

Restriction (2) does not accommodate difficulties in the area of concentration, persistence or pace.  As noted in Brink, an assembly line job may be simple and repetitive, yet require maintaining focus and pace.  So too an assembly line job may involve no more than occasional public contact, but still require maintaining focus and pace.

Restriction (3) could accommodate difficulties in the area of concentration, persistence or pace, because "low stress" jobs are likely to be jobs that do not require maintaining focus and pace.  Here, however, the ALJ provided a specific definition of "low stress" that did not include considerations of pace.  Rather, he defined "low stress" to mean only occasional decision-making and changes in the work setting. AR 21. Limiting job-related decision-making is just another way of limiting the claimant to simple or unskilled work.  See 20 C.F.R. §§ 404.1568(a), 416.968(a) (defining "unskilled work" as work which "needs little or no judgment to do simple duties").  To say a job has few changes in the work setting is just another way of saying the job is "routine" or "repetitive."  Per Brink, a limitation to simple and repetitive work does not adequately capture a moderate limitation in maintaining concentration, persistence and pace.  Again, an assembly line job involves little decision-making and few changes in the work setting, but it requires maintaining focus and pace.

In reaching this decision, the Court is not holding that an RFC must specify how much time a claimant will be "off task" in order to account for a moderate limitation in the area of concentration, persistence and pace.  A person who demonstrates reduced concentration, persistence, or pace is not necessarily "off task."  For example, "A person could be focused on the task at

1   hand for an entire hour … and complete only 85% of a project due to reduced
2   pace; this does necessarily mean that the person was 'off task' for 15% of the
3   time." Stephens v. Colvin, 2015 U.S. Dist. LEXIS 69312 at *17-18 (N.D. Cal.
4   May 28, 2015) (holding ALJ's limitation of claimant with "mild" difficulties in
5   concentration, persistence, or pace to "simple repetitive tasks" was supported
6   by the medical evidence).

7          Other circuits have held that adding a restriction against jobs that have
8   inflexible production deadlines, goals or quotas adequately addresses a
9   moderate impairment in the area of concentration, persistence or pace. See,
10  e.g., Smith v. Halter, 307 F.3d 377, 380 (6th Cir. 2001); Russo v. Astrue, 421
11  F. App'x 184, 192 (3d Cir. 2011); Seamon v. Astrue, 364 F. App'x 243, 248
12  (7th Cir. 2010).  Defining "low stress" more broadly to encompass such
13  flexible output requirements may also be sufficient.  Henshaw v. Colvin, 2016
14  U.S. Dist. LEXIS 17776 at *50 (E.D. Cal. Feb. 11, 2016) ("A low stress,
15  simple job would reasonably address attendance, completion, and pace
16  limitations.").

17  **B.      Remand for Further Proceedings Is Appropriate.**

18         When an ALJ errs in denying benefits, the Court generally has discretion
19  to remand for further proceedings.  See Harman v. Apfel, 211 F.3d 1172, 1175-
20  78 (9th Cir. 2000) (as amended).  Here, remand for further proceedings is
21  appropriate, because the ALJ accepted medical-opinion evidence of Plaintiff's
22  moderate limitation in maintaining concentration, persistence, and pace but
23  failed to incorporate it adequately into her RFC.  On remand, the ALJ must
24  add limitations to the RFC that adequately account for Plaintiff's moderate
25  limitation in maintaining concentration, persistence and pace and elicit further
26  testimony from the VE concerning whether the same jobs previously identified
27  (or others) would still be available in sufficient numbers given the additional
28  restrictions.

1    Because the Court finds that the ALJ's failure to account adequately for
2    Plaintiff's moderate limitations in the area of concentration, persistence and
3    pace warrants remand, the Court does not reach Plaintiff's other claims of
4    error.  Upon remand, the ALJ may wish to consider them.

## IV.

## CONCLUSION

7    For the reasons stated above, the decision of the Social Security
8    Commissioner is REVERSED and the matter is REMANDED for further
9    proceedings consistent with this opinion.
10    LET JUDGMENT BE ENTERED ACCORDINGLY.

12    Dated: May 13, 2016

KAREN E. SCOTT
United States Magistrate Judge